IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:20-CV-195-FL

| | | |
|---|---|---|
| NORTH AMERICAN COMPANY FOR LIFE AND HEALTH INSURANCE, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | ORDER |
| DEBORAH HINES, | ) ) | |
| Defendant. | ) | |

This matter is before the court on plaintiff's motion for default judgment (DE 12), pursuant to Federal Rule of Civil Procedure 55(b)(2).

**COURT'S DISCUSSION**

Upon default, the defendant "admits the plaintiff's well-pleaded allegations of facts, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001) (citation omitted). Accordingly, the facts alleged in the complaint and accepted as true upon consideration of default judgment are as follows.

On January 21, 2019, plaintiff issued a Level Term Life Insurance policy, Policy No. XXXXXX2341 (the "Policy"), to Kevin Hines, which had a face amount of $200,000.00. (Compl. (DE 1) ¶ 5). Kevin Hines designated defendant Deborah Hines, his wife, as the sole Primary Beneficiary of the Policy. (Id.). In connection with the Policy, Kevin Hines completed an application (the "Application"), wherein he answered "no" to the following question: "Other than routine care, in the past 12 months, have you been advised by a licensed medical professional to have surgery, hospitalization, any diagnostic test (other than for HIV) or any procedure which has

not been completed or the results are unknown?" (Id. ¶¶ 6-7). Moreover, the following language appears above Kevin Hines's electronic signature on the Application:

> It Is Declared That:
> Statements and answers in this application, including statements by me in any medical questionnaire or supplement that become part of this application, are complete and true to the best of my knowledge and belief. … I FURTHER AGREE to immediately advise the Company's Administrative Office (Bestow Agency, LLC, 750 North St. Paul Street - #1900, Dallas TX 75201) of any change to any of my responses contained in the application, including any change in my health or habits that arises or is discovered after completing this application, but before the policy or reinstatement is effective, as defined herein.

(Id. ¶ 8).

In reliance upon the representations in the Application, plaintiff issued the Policy to Kevin Hines on or about January 21, 2019. (Id. ¶ 10). As relevant here, the Policy provides:

> The Company cannot contest this Policy after it has been in effect during the lifetime of the Insured for two years from the Policy Date or, if reinstated, for two years from the date of reinstatement, except for:
>
> (a)  Non-payment of Premium; or
> Fraud, when permitted by applicable law in the state where this Policy is delivered or issued for delivery.

(Id. ¶ 12). On January 21, 2019, Kevin Hines signed a Delivery Receipt for the Policy. (Id. ¶ 13).

Kevin Hines died on November 13, 2019. (Id. ¶ 14). After receiving notice of Kevin Hines' death and during the course of its routine claim investigation, plaintiff discovered that Kevin Hines had significant medical conditions and health history that he omitted, misrepresented, and/or failed to disclose in the Application and to plaintiff. (Id. ¶ 15). The false responses, misrepresentations, and omissions made by Kevin Hines in the Application materially affected the acceptance of risk and hazard assumed by plaintiff; had plaintiff known about the true facts pertaining to Kevin Hines's actual medical condition and health history, it would not have issued the Policy as written, but would have declined the Application. (Id. ¶ 17).

Kevin Hines died within two years after the Policy Date, and, therefore, the two-year incontestable period set forth in the Policy has not yet expired. (Id. ¶ 18). On August 13, 2020, plaintiff tendered a check in the amount of $1,577.97 to defendant, as the designated beneficiary of the Policy, which represents a full and complete refund of the premium paid by Kevin Hines for the Policy. (Id. ¶ 19).

Where plaintiff issued the Policy in reliance upon Kevin Hines's misrepresentations and would not have issued the Policy had it known Kevin Hines's true medical history, the misrepresentations are material, and the Policy shall be rescinded. See Goodwin v. Invests. Life Ins. Co. of N. Am., 332 N.C. 326, 331-33 (1992); Thomas-Yelverton Co. v. State Cap. Life Ins. Co., 238 N.C. 278, 282 (1953); see also Tharrington v. Sturdivant Life Ins. Co., 115 N.C. App. 123, 128 (1994).

## CONCLUSION

Based on the foregoing, plaintiff's motion for default judgment (DE 12) is GRANTED. The clerk is DIRECTED to enter judgment for plaintiff, stating as follows:

1) Policy No. XXXXXX2341 is rescinded. Defendant shall deliver and surrender Policy No. XXXXXX2341 to plaintiff for cancellation; and

2) Policy No. XXXXXX2341 is null and void and of no effect, and plaintiff has no obligation or liability thereunder other than to refund the premium paid by Kevin Hines for the Policy.

SO ORDERED, this the 6th day of May, 2021.

_____
LOUISE W. FLANAGAN
United States District Judge